MR. JUSTICE WEBER,
dissenting:
I respectfully dissent from the majority opinion which concludes that plaintiff was terminated in violation of his due process rights. The majority opinion correctly concludes that plaintiff had a property right protected by the due process clause. However, the majority opinion contains no analysis of what process is due plaintiff under the circumstances of this case and fails to balance the competing rights of plaintiff and defendant.
The majority appears to conclude that because the plaintiff has a property right in his employment, he is automatically entitled under the Montana Constitution to a pretermination hearing. This conclusion is contrary to federal constitutional law on this point. While this Court may interpret the Montana Constitution as providing more protection than the United States Constitution, the majority has completely failed to explain its reasons for applying a stricter rule in this case, requiring back pay and a pretermination hearing. The majority opinion cites no au *415 thority for this conclusion.
The United States Supreme Court applies a two-part analysis to resolve due process issues. The Court first determines whether the governmental entity involved has deprived the individual of a constitutionally recognized liberty or property interest. See, e.g., Board of Regents of State Colleges v. Roth (1972), 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548; Perry v. Sindermann (1972), 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570. If the individual has been deprived of a liberty or property interest, the Court must then determine what process is due under the circumstances. See, e.g., Goldberg v. Kelly (1970), 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287; Mathews v. Eldridge (1976), 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18.
“Process” is not a clearly defined term and the nature and timing of the procedure required by the due process clause depends on many factors concerning the individual deprivation. J. Nowak, R. Rotunda and J. Young, Constitutional Law at 498 (1978). The Court uses a balancing test to determine what process is due and considers three factors in this analysis:
“. . . our prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government’s interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.” Mathews v. Eldridge (1976), 424 U.S. at 334-35, 96 S.Ct. at 903, 47 L.Ed.2d at 33.
The majority has considered only the first of these three factors.
Considering all three factors of the analysis, it is clear that the requirements of due process would be satisfied in this *416 case by a post-termination hearing. While the plaintiff has a substantial property interest at stake, the risk of erroneous deprivation of that interest through the procedures used by the defendant in this case is nearly nonexistent. There was no dispute between the parties that the plaintiff was physically unable to continue working as a firefighter. That was the conclusion of his own doctor. Under Section 7-33-4122, MCA, plaintiff, as a firefighter, holds his appointment with the City “while [he has] the physical ability to perform [his] duties.” Without dispute, plaintiff no longer had the physical ability to perform his duties. For the protection of fellow firefighters, the public, and the City itself, the defendant was required to terminate plaintiff if he did not resign voluntarily. It is obvious that under these facts, “additional or substitute procedural safeguards” would have had no “probable value.”
The majority opinion has not considered the interests of the City in the fiscal and administrative burdens imposed by the pretermination hearing requirement in this case. Even though it is undisputed that plaintiff was physically unable to work as a firefighter, the majority opinion requires the City to grant plaintiff full pay and benefits from the date of the termination to the final disposition of the case. The City will be required to provide a hearing, the requirements of which are not specified in the majority opinion, to determine an issue that is already determined beyond dispute. This places fiscal and administrative burdens on the City which simply are not justified in this case.
I disagree that due process requires a pretermination hearing in this case. Cf. Arnett v. Kennedy (1974), 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (no due process pretermination hearing requirement for government employee under facts of that case). I would hold that the requirements of due process would best be served by a procedure which fairly balances the interests of the parties as follows:
(1) A post-termination hearing, with all due process rights, at which the plaintiff fireman and the defendant City could *417 present all of the facts. If my conclusion that the termination was proper is incorrect, then an award could properly be made to the plaintiff granting him back pay from the date of termination.
(2) If the termination is found to have been proper, then the City would not be penalized by the payment of compensation to the plaintiff from the date of termination.
This procedure would fully protect the interests of the plaintiff. I would remand the case for application of this procedure.